**Robert BUSBY and Mary Busby, Appellants,**

v.

**RANGER INSURANCE COMPANY, Respondent.**

No. 50628.

Missouri Court of Appeals, Eastern District, Division Two.

April 15, 1986.

Ronald C. Willenbrock, St. Louis, for appellants.

George L. Fitzsimmons, St. Louis, for respondent.

CRIST, Judge.

Defendant Ranger Insurance Company (insurance company) appeals from the final order of the trial court entered in an equitable garnishment proceeding brought by the parents of Christine Busby, who was killed in an automobile accident. The order awarded the Busbys the proceeds of an insurance policy issued by insurance company to the alleged foster parents of Thomas Barebo, the operator of the vehicle, who was also killed in the accident. We affirm.

The case was tried on a stipulation of the facts, which are undisputed. The question presented for review is whether Thomas Barebo was a ward and/or foster son of Willard and Celestine Barebo. If he was, the insurance policy in question afforded his coverage.

Thomas Barebo was not the natural son of the Barebos. He was born on Septem-

# 796

ber 22, 1956, to Helen Strickwerda and Francis Callaghan, and was named Thomas Callaghan. He came to the Barebos on October 1, 1956, when he was 13 days old. While they never legally adopted him, Thomas was referred to and raised by the Barebos as their son. He was baptized Thomas Barebo, and enrolled in school under that name. Thomas himself used the name Thomas Barebo in all transactions, and throughout his life, and referred to the Barebos as his mother and father. He was living with the Barebos on the date of the accident, having moved back to their home two weeks prior to the accident.

Coverage under the policy issued to the Barebos by insurance company was afforded to "any covered person," which is defined, in pertinent part, as "any family member." "Family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." It is not disputed Thomas Barebo was a resident of the household. Rather, insurance company claims he was not a family member, and therefore was not covered by the policy. We disagree.

While Thomas cannot be considered a natural or adopted member of the Barebo family, the definition of "family member" contained in the insurance policy is not so limited. Coverage is expressly extended to "foster children" and "wards" and is not expressly limited to those situations where this status is conferred by legal appointment or placement. Thomas was raised by the Barebos as their son even though he was not their natural child. He obviously meets the definition of a foster child of the Barebos. *See* Webster's Third New International Dictionary 876 (1976). As a *de facto* foster child, he was covered by the policy. *See Hartman v. Insurance of North American,* 106 Mich.App. 731, 308 N.W.2d 625, 628–29 (1981); *James by Robertson v. Allstate Insurance Co.,* 201 N.J. Super. 299, 493 A.2d 28, 30–31 (N.J.Super. A.D., 1985); *Brokenbaugh v. New Jersey Manufacturer Insurance Co.,* 158 N.J.Super 424, 386 A.2d 433, 434–37 (N.J.Super A.D., 1978); *Cobb v. State Security Insur-*

*ance Co.,* 576 S.W.2d 726, 728, 737 (Mo. banc 1979).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concurs.