**IPCI LIMITED, Plaintiff,**

v.

**OLD REPUBLIC INSURANCE CO., Defendant and Third–Party Plaintiff,**

v.

**EMPLOYERS REINSURANCE CORP., Third–Party Defendant.**

**Civ. A. No. 88–C–0490.**

United States District Court, E.D. Wisconsin.

March 13, 1991.

Jeffrey P. Clark, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., for plaintiff IPCI Ltd.

Bruce A. McIlnay, Minahan & Peterson, Milwaukee, Wis., for plaintiff re counterclaim filed by Old Republic Ins. Co.

Roger Pettit, Petrie, Stocking, Meixner & Zeisig, Milwaukee, Wis., Stephen C. Ascher, Lord, Bissell & Brook, Chicago, Ill., for defendant Old Republic Ins. Co.

Christine Nelson, Piette, Nelson, Zimmerman & Dries, Milwaukee, Wis., Willis R. Tribler, H. Wesley Sunu, Tribler & Orpett, Chicago, Ill., for third-party defendant Employers Reinsurance Corp.

DECISION AND ORDER

REYNOLDS, Senior District Judge.

FACTS

On May 9, 1988, plaintiff IPCI Limited ("IPCI"), an insurance procurer, instituted this declaratory judgment action against defendant Old Republic Insurance Company ("Old Republic"). In its complaint, IPCI seeks a declaration that it is not obligated to reimburse Old Republic for amounts that Old Republic paid to indemnify and defend an insured, the Washington Nurs-

ing Facility ("the insured") for claims asserted against the insured in a tort lawsuit. On December 27, 1988, defendant Old Republic filed a counterclaim against IPCI, seeking indemnification from IPCI for the costs that Old Republic incurred in defending and indemnifying the insured. The crux of the dispute among all the parties to this lawsuit concerns the interpretation of two sexual abuse exclusion endorsements which contain identical substantive language.

In the tort action underlying this insurance litigation, the insured settled claims brought by Minnie Wheeler on behalf of her severely mentally retarded daughter Carrie Wheeler, who allegedly was sexually molested and became pregnant while in the insured's custody (Employers Reinsurance Corp.'s June 7, 1990 Memorandum in Support of Motion for Summary Judgment ("ERC's June 7th Memorandum"), Ex. B (Wheeler Second Amended Complaint, ¶¶ 5–9).[1] Apparently, Carrie Wheeler was molested in early December 1987 (Bruce McIlnay June 25, 1990 Affidavit, Ex. D at 7). On March 23, 1987, the insured diagnosed Carrie Wheeler's pregnancy, and the pregnancy was successfully terminated shortly thereafter during the fifteenth or sixteenth weeks of gestation (*Id.*).

. After the Wheeler suit was filed, the insured demanded that Old Republic provide a defense and indemnification under the Old Republic general liability policy (Old Republic Answer and Counterclaim at 7, ¶ 10). Old Republic defended the insured and eventually settled the Wheeler claim (McIlnay June 25, 1990 Affidavit, Ex. C).

Plaintiff IPCI was the insurance agent who procured Old Republic General Liability Policy No. Z49463 for the Washington Nursing Facility (Old Republic's Answer and Counterclaim at 6, ¶ 7). Both IPCI and Old Republic agree that IPCI failed to attach a sexual abuse exclusion endorsement to the Old Republic policy (IPCI's Answer

to Old Republic Interrogatory No. 9, Ex. C to Old Republic's June 22, 1990 Memorandum in Support of Motion for Partial Summary Judgment Against IPCI ("Old Republic's June 22nd Memorandum")). Plaintiff IPCI has also acknowledged that when the Old Republic policy in question was issued, IPCI knew that it was supposed to include a sexual abuse exclusion endorsement as part of Old Republic's policy (IPCI's Responses to Old Republic's First Set of Requests for Admissions No. 5, App. B to Old Republic's June 22nd Memorandum). In addition, IPCI has admitted that Old Republic's endorsement was approved by the District of Columbia, where the Washington Nursing Facility is located, at all times material to this lawsuit (IPCI's Response to Old Republic's First Set of Requests for Admissions No. 8, Appendix B to Old Republic's June 22nd Memorandum). The Old Republic sexual abuse exclusion endorsement at issue states:

### SEXUAL ABUSE EXCLUSION

In consideration of the premium charged, it is agreed that such coverage as is provided by this policy shall not apply to any claim, demand and causes of action arising out of or resulting from either physical abuse, sexual abuse or licentious, immoral or sexual behavior intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by, the Insured, his employees, patrons or any causes whatsoever.

(Old Republic's June 22nd Memorandum, Appendix E). On June 22, 1990, Old Republic moved for partial summary judgment against IPCI, seeking a declaration that its sexual abuse exclusion endorsement would have excluded coverage of Carrie Wheeler's tort claims.

Several months earlier, on September 29, 1989, Old Republic filed a third-party com-

---

1. The Wheeler complaint contains three counts which assert that the Washington Nursing Facility: (1) was negligent in its supervision of Carrie Wheeler; (2) failed to provide adequate security on the premises; (3) failed adequately to supervise the actions of the male employees

and guests and visitors to the defendant's facility; (4) failed to protect Ms. Wheeler from the criminal acts of third parties; (5) failed to investigate the backgrounds of the facility's residents; and (6) failed to detect and diagnose Ms. Wheeler's pregnancy in a timely manner (*Id.* ¶ 9).

plaint against third-party defendant Employers Reinsurance Corporation ("ERC"), seeking a declaration that Old Republic is covered and is entitled to payment under a reinsurance certificate that ERC had issued to Old Republic (ERC's June 7th Memorandum, Ex. A). During the time that the insured incurred its liability, Old Republic was covered by an ERC reinsurance certificate which provided reinsurance coverage for Old Republic business underwritten by IPCI, including the Old Republic policy covering the Washington Nursing Facility (Endorsement No. 2 to Old Republic Policy No. DC–17964, Ex. A to ERC's June 7th Memorandum).

Third-party defendant ERC maintains that its reinsurance policy does not cover payments which Old Republic made to defend and indemnify the insured, because the ERC reinsurance certificate contained a sexual abuse exclusion endorsement. Interestingly, the substantive wording of the ERC sexual abuse exclusion is virtually identical to the Old Republic sexual abuse exclusion endorsement which IPCI failed to attach to Old Republic Policy No. Z49463.[2] On June 7, 1990, ERC filed a motion for summary judgment against Old Republic, seeking a declaration that the sexual abuse exclusion contained in the reinsurance certificate which ERC issued to Old Republic excludes coverage of the underlying tort lawsuit.

On February 22, 1991, this court held oral argument on Old Republic's motion for partial summary judgment and on ERC's motion for summary judgment. For the reasons described below, this court holds: (1) that Old Republic's sexual abuse exclusion endorsement would have excluded coverage of Carrie Wheeler's claims against the Washington Nursing Facility, and (2) that ERC's exclusion endorsement does exclude ERC's reinsurance coverage for

these claims. Accordingly, this court grants the motions of both Old Republic and ERC.

## ANALYSIS

### I. Standard For Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a federal district court shall grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits indicate that no material facts are in dispute and that the moving party is entitled to judgment as a matter of law. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir.1987). The party moving the court for summary judgment has the burden of proving that no material facts are in dispute, and the court must review the record with all reasonable inferences being drawn in favor of the non-moving party. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.1983), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983); *Reardon v. Wroan*, 811 F.2d 1025, 1027 (7th Cir.1987). The instant motions for summary judgment involve no genuine issues of material fact; they only require this court to interpret contract language. These motions are therefore appropriate for resolution by summary judgment.

### II. Old Republic's Motion for Partial Summary Judgment

In support of its motion, Old Republic argues that the sexual abuse exclusion endorsement that IPCI failed to include in the policy that it issued to the insured would have excluded coverage for the underlying tort claims as a matter of law.

In response, IPCI asserts that the Old Republic sexual abuse endorsement would not have relieved Old Republic of its duty to defend and to indemnify the insured for

---

**2.** The ERC reinsurance certificate contains the following sexual abuse exclusion endorsement:

PHYSICAL–SEXUAL ABUSE
EXCLUSION ENDORSEMENT

It is agreed that no coverage shall apply to any claim, demand, and causes of action arising out of or resulting from either physical abuse, sexual abuse or licentious, immoral or sexual behavior intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by, the Insured, his employees, patrons or any causes whatsoever.

(Endorsement No. 4 to ERC Policy No. DC–17964, Appendix A to ERC's June 7th Memorandum).

costs arising out of the Wheeler tort claim. IPCI argues that the sexual abuse exclusion endorsement would not have eliminated coverage because (1) the Wheeler complaint asserts, among other things, a claim that the insured negligently failed to detect Carrie Wheeler's pregnancy, a claim that IPCI argues is distinct from the other sexual abuse claims, and (2) the Old Republic sexual abuse exclusion endorsement is ambiguous.

IPCI points out that Minnie Wheeler's three-count second amended complaint contains essentially two types of allegations: (1) "failure to supervise" allegations and (2) an "untimely detection of pregnancy" allegation. The first count of Wheeler's complaint, the allegations of which are realleged in the other two counts, asserts that the insured was negligent in its supervision of Carrie Wheeler in that it: failed to provide adequate security; failed to supervise adequately the actions of male employees, guests and visitors to the facility; failed to protect Carrie Wheeler from the criminal acts of third parties; failed to investigate the background of the facility's residents; and failed to detect and diagnose Carrie Wheeler's pregnancy in a timely manner (Wheeler Second Amended Complaint ¶ 9, Ex. B to ERC's June 7th Memorandum). On the basis of this complaint, IPCI argues that a court or jury could have found that the insured was not liable for Carrie Wheeler's sexual abuse, but was liable for its failure to detect and diagnose her pregnancy. Noting the possibility that Carrie Wheeler might have been raped while she was not under the exclusive care and control of the insured (Bruce McIlnay June 25, 1990 Affidavit, Ex. D at 7–8), IPCI argues that the insured might have been found liable solely under the untimely detection of pregnancy claim. IPCI then argues that such a claim must be considered a distinct, uncovered cause of action, because it does not "arise out of or relate to" sexual abuse within the meaning of the exclusion. Finally, IPCI makes the related argument that

the sexual abuse exclusion endorsement is, at a minimum, ambiguous as to whether it excludes coverage for the separate untimely detection of pregnancy claim, and that this ambiguity should be interpreted against the insurer.

This court declines IPCI's request that this court determine which of Wheeler's claims formed the basis of the settlement of the underlying tort suit. Instead, this court concludes that, as a matter of law, the sexual abuse exclusion excludes from coverage all of the claims upon which Carrie Wheeler might have prevailed against the insured. IPCI's argument that Carrie Wheeler might have been impregnated outside the nursing home ignores the theory of the plaintiff's complaint.

Minnie Wheeler's second amended complaint specifically states that the "pregnancy and subsequent trauma of an induced labor ... was the *result* of Ms. Carrie Wheeler being raped" (Wheeler Second Amended Complaint, ¶ 9). Any increase in Carrie Wheeler's trauma that resulted from the insured's alleged untimely detection of her pregnancy was proximately caused by the sexual abuse that Carrie Wheeler suffered. The broad language of both sexual abuse endorsements at issue unambiguously excludes coverage for such a claim arising out of any type of sexual abuse. The policies expressly state that they do not apply to "any claim, demand and causes of action *arising out of or resulting from ... sexual abuse ...* whether caused by, or at the instigation of, or at the direction of, or [resulting from an] omission by, the Insured, his employees, patrons or any causes whatsoever." (Old Republic's June 22nd Memorandum, Appendix E) (emphasis added). Thus, regardless of where or when Carrie Wheeler was sexually abused, any untimely detection of pregnancy claim, whether based on negligence, breach of fiduciary duty, malpractice, or any other legal theory would be excluded under either endorsement.[3]

---

**3.** Although not a ground for this decision, this court further notes that no reasonable person could find that the "untimely detection of pregnancy claim" was a significant factor in the insured's settlement of the Wheeler suit. The evidence suggests that the pregnancy was detected early in the second trimester (Wheeler Second Amended Complaint, ¶ 8; Bruce McIlnay

Old Republic is therefore entitled to a declaration that the sexual abuse exclusion endorsement would unambiguously have excluded the claims made on behalf of Carrie Wheeler against the insured.

### III. Employers Reinsurance Corporation's Motion for Summary Judgment

For the same reasons that Old Republic's sexual abuse exclusion would have encompassed all of the allegations contained in the Wheeler tort complaint, this court holds that the virtually identically-worded exclusion language which ERC included in their reinsurance policy issued to Old Republic did encompass those allegations. Accordingly, this court rules as a matter of law that no coverage is provided under the ERC reinsurance certificate issued to Old Republic.

IT IS THEREFORE ORDERED that defendant Old Republic Insurance Company's June 22, 1990 motion for partial summary judgment is GRANTED.

IT IS FURTHER ORDERED that third-party defendant Employer's Reinsurance Corporation's June 7, 1990 motion for summary judgment is GRANTED.

---

June 25, 1990 Affidavit, Ex. D at 7). There is no evidence in the record before this court indicating that the insured detected the pregnancy in an untimely manner under the circumstances or that the termination of Carrie Wheeler's pregnancy involved any complications resulting from any delay in detecting pregnancy. In fact, the complaint does not allege, and there is no evidence in the record that the termination of Carrie Wheeler's pregnancy involved *any* complications at all. Therefore, even if the sexual abuse exclusion endorsements at issue were construed as not excluding an untimely detection of pregnancy claim, this court finds it unlikely that such a claim was even a factor in the insured's settlement of Minnie Wheeler's claims.