**IPCI LIMITED, Plaintiff,**

v.

**OLD REPUBLIC INSURANCE CO., Defendant and Third-Party Plaintiff,**

v.

**EMPLOYERS REINSURANCE CORPORATION, Third-Party Defendant.**

Civ. A. No. 88–C–0490.

United States District Court, E.D. Wisconsin.

Nov. 25, 1991.

Jeffrey P. Clark, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., for IPCI Ltd.

Bruce A. McIlnay, Minahan & Peterson, Milwaukee, Wis., for Old Republic Ins. Co.

Roger Pettit, Petrie, Stocking, Meixner & Zeisig, Milwaukee, Wis., for Employers Reinsurance Corp.

## ORDER

REYNOLDS, Senior District Judge.

On November 14, 1991, the above-named parties filed a stipulation and proposed order in which they requested this court to enter an order:

(1) Dismissing all claims raised by the pleadings in the above-captioned action including, but not limited to, amended claims, counterclaims and third-party claims, on the merits and with prejudice;

(2) Denying attorneys fees and costs to any of the above-named parties in connection with the above-captioned matter; and

(3) In the Court's discretion, vacating and withdrawing its Decision and Order of March 13, 1991.

(Nov. 14, 1991 Stip. at 1). The parties further agreed, however, that:

if the Court declines to vacate and withdraw its Decision and Order of March 13, 1991, an Order consistent with paragraphs 1 and 2 above should still be entered and the Court's vacation and withdrawal of such Decision and Order shall not be a condition to the parties' agreement to settle their respective claims.

(*Id.* at 2).

Pursuant to the parties' stipulation, this court enters paragraphs 1 and 2 of the parties proposed order. This court declines, however, to vacate or expunge its Decision and Order of March 13, 1991, which decision and order already appears in the Federal Supplement. *See IPCI Ltd. v. Old Republic Ins. Co.*, 758 F.Supp. 478 (E.D.Wis.1991). This court declines to take this act because the March 13, 1991 decision and order is not the property of the parties, but rather is a public record of a public act, the integrity of which this court is bound to protect. *See Home Indemnity Co. v. Farmhouse Foods Corp.*, 770 F.Supp. 1339 (E.D.Wis.1991).

IT IS THEREFORE ORDERED that the above-captioned action and all claims raised therein are DISMISSED with prejudice.

IT IS FURTHER ORDERED that all parties to the above-captioned action shall bear their own costs and attorneys' fees.

IT IS FURTHER ORDERED that the parties' request to vacate and withdraw this court's March 13, 1991 decision and order pertaining to this action is DENIED.