**Charles YOW, Plaintiff/Appellant,**

v.

**The VILLAGE OF EOLIA, Missouri, et al., Defendants/Respondents.**

**No. 62783.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 3, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Richard Andrew Barry, II, Clayton, Donna Aronoff Smith, St. Louis, for plaintiff, appellant.

Brian E. McGovern, Chesterfield, for defendants, respondents.

CRAHAN, Judge.

Charles Yow ("Employee") appeals from the trial court's order granting defendants Village and individual Trustees' ("Defendants") motion for summary judgment and dismissing with prejudice Employee's petition alleging wrongful discharge. We affirm.

Employee was the Village Marshall for the Village of Eolia, Missouri, from May, 1989 to April, 1990. On April 10, 1990, Trustees voted to terminate the services of Employee, effective April 17, 1990.

Employee filed a petition for wrongful discharge against Village and Trustees, alleging that he was discharged in retaliation for his lawful enforcement of the drug and traffic laws of the State of Missouri and on the basis of a straw vote sponsored and condoned by Village in violation of Chapter 115 RSMo.1986 and Section 80.240 RSMo. 1986. Trustees filed a motion for summary judgment. The trial court granted the Trustees' motion and dismissed Employee's petition with prejudice. Employee appeals.

■ In reviewing a summary judgment, the appellate court must scrutinize the record in the light most favorable to the party against whom the summary judgment was entered. *ITT Commercial Finance Corp. v. Mid–American Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* The appellate court's review is essentially *de novo*. The trial court's judgment is founded on the record submitted and the law; therefore, we need not defer to the trial court's order granting summary judgment. *Id.*

Employee concedes that as Marshall for the Village of Eolia, he was an employee at will. Employee's first point is that the trial court erred in granting summary judgment because there was a genuine issue of material fact as to whether Trustees' action in terminating Employee falls within the public policy exception to the employment-at-will doctrine. We disagree.

The public policy exception is a narrow one. To be sustainable as an actionable claim for wrongful discharge, an employee suing under the public policy exception to the employment-at-will doctrine must allege and prove that conduct required of him by the employer would have amounted to a violation of a statute, constitutional provision or regulation adopted pursuant to statute, and also that his discharge was attributable to either a refusal to perform the unlawful act or his performance of a mandated lawful act contrary to the directions of his employer. *Crockett v. Mid–America Health Services,* 780 S.W.2d 656, 658 (Mo.App.1989).

Here, Employee alleges in his petition that Trustees told him not to prosecute an individual for alleged possession and sale of a controlled substance. Employee does not allege, however, that he prosecuted the individual and was discharged because of such action. Employee also alleges in his petition that he was discharged because he enforced the drug and traffic laws of Missouri. The petition does not allege, however, that Trustees told Employee not to enforce the state drug and traffic laws. Additionally, Employee cites no specific statute, constitutional provision or regulation in his petition which would have been violated. Therefore, the petition is insufficient on its face to state a claim under the public policy exception to the employment-at-will doctrine.

It is equally clear that Employee did not provide any evidence which would raise a genuine issue of material fact with respect to Employee's entitlement to relief under the public policy exception. In support of their motion, Defendants offered the affidavits of four Trustees who participated in the decision regarding Employee. Each affidavit asserts that Employee was an employee at will and was discharged because of substantial dissatisfaction of the residents, overly aggressive job performance and excessive expenditures. These facts negate Employee's claim that he was discharged for refusal to violate any stat-

ute, constitutional provision or regulation and, unless sufficiently controverted so as to raise a genuine issue of material fact, would entitle the Defendants to judgment as a matter of law.

In response, Employee submitted his affidavit relating statements made to him approximately four months before his discharge by a Trustee [1] who is not a defendant, instructing Employee not to prosecute a certain individual for drug possession. Employee also mentions a letter (not attached to his affidavit) and a verbal warning from the same Trustee not to pursue any prosecutions of alcohol or drug violations unless huge amounts were involved or he would suffer severe repercussions.

Rule 74.04(e) requires that supporting and opposing affidavits be made on personal knowledge and set forth "facts as would be admissible in evidence." *Ganaway v. Shelter Mut. Ins. Co.,* 795 S.W.2d 554, 563 (Mo.App.1990). Hearsay may not be relied upon either to avoid or support summary judgment. *Id.* Employee laid no foundation which would support admission of the "facts" related in his affidavit.

In addition, Employee failed to offer any evidence that he enforced the state drug and traffic laws. In fact, Employee, in his answers to interrogatories, stated that he did *not* prosecute the alleged drug dealer. Simply stated, Employee failed to submit any evidence that he performed any acts contrary to the Trustees' alleged instructions, regardless of whether the instructions were lawful, and no evidence that the Trustees' alleged instructions violated any specific statute, constitutional provision or regulation. Consequently, Employee failed to demonstrate that there was a genuine issue of material fact as to whether his termination violated the public policy exception. Accordingly, Employee's first point is denied.

Employee's second point is that the trial court erred in granting summary judg-

---

1. So far as we can determine from the record, the Trustee who allegedly made the statement was no longer a Trustee at the time Employee was discharged.

ment because there is a genuine issue of fact regarding whether Trustees' action in terminating Employee violates Chapter 115 and Section 80.240. Specifically, Employee contends that Trustees based their decision to terminate him on the results of a straw vote, sponsored and condoned by the Trustees, in contravention of Chapter 115 and Section 80.240.

Employee provides no authority that he is entitled to the relief sought under Chapter 115 or Section 80.240. Chapter 115 is entitled "Election Authorities and Conduct of Elections" and sets forth guidelines for elections. Here, there was no "election" involving Employee. In fact, Employee alleged in his petition that the Pike County Clerk refused to conduct any straw vote and that the straw vote was privately funded and conducted. Section 80.240 sets out the statutory powers of a village board of trustees to hire and discharge employees of the village.[2] This power has been interpreted as allowing the board to terminate an employee at will without cause. *Sadler v. Village of Bel–Ridge*, 741 S.W.2d 889, 890 (Mo.App.1987). Because Employee was an employee at will, Trustees could discharge Employee for any reason or no reason. *Karzin v. Collett*, 562 S.W.2d 397, 399–400 (Mo.App.1978). Thus, the issue of whether Trustees relied on the straw vote is not relevant. Accordingly, Employee's second point is denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.

---

**2.** Section 80.240 provides "[s]uch board of trustees shall have power to appoint an assessor, collector, marshal, treasurer, and such other officers, servants and agents as may be necessary, remove them from office, prescribe their duties and fix their compensation."