Mildred JASPER, Plaintiff/Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant/Appellant,

and

Estate of Florence Jasper, Defendant/Respondent.

No. 64531.

Missouri Court of Appeals, Eastern District, Division Two.

May 24, 1994.

Joan B. Bernstein, Gerre Strehlman Langton, St. Louis, Isidore Ireland Lamke, Washington, for defendant/appellant.

Gael Davis Wood, Washington, for plaintiff/respondent.

CRAHAN, Judge.

This is an appeal from a summary judgment entered in favor of Mildred Jasper ("Mildred") against State Farm Mutual Automobile Insurance Company ("State Farm"). We reverse and remand.

The undisputed facts are as follows. On December 5, 1991, Mildred backed her 1983

Oldsmobile Cutlass down the driveway of her residence and hit her sister, Florence Jasper ("Florence"), while Florence was gathering the newspaper from the driveway. Florence suffered various injuries as a result of the accident and died a month and a half later.

At the time of the accident, Florence and Mildred lived together in the house in which they both grew up. No one else lived with them in the house and neither had lived anywhere else or moved out temporarily. The sisters had lived alone in the house since their mother died and left them the house as joint tenants with rights of survivorship. Neither intended to move or change the living arrangement in any way.

The two sisters were very close. They shared the household chores, ate together and even shared the same bedroom. Though they had no systematic way of paying bills, they each had their separate accounts along with a joint account, from which they sometimes paid their living expenses.

Florence did not know how to drive, so Mildred would often drive Florence around town. Mildred's vehicle was covered by a policy issued by State Farm which the parties agree was in full force and effect on the date of the accident. Under the policy, Mildred is the named insured and the face sheet indicates a limit of liability of $100,000 per person.

The pertinent provisions of the insurance policy are set forth herein. Section I—Liability—Coverage A provides that State Farm will:

1. pay damages which an **insured** becomes legally liable to pay because of:

    a. **bodily injury** to others … caused by accident resulting from the ownership, maintenance or use of **your car**; and

2. defend any suit against an **insured** for such damages with attorneys hired and paid by us

    . . . .

"Insured" is defined in the policy as:

1. **you**;

2. **your spouse**;

3. the **relatives** of the first **person** named in the declarations;

4. any other **person** while using such a **car** if its use is within the scope of consent of **you** or **your spouse**; and

5. any other **person** or organization liable for the use of such a **car** by one of the above **insureds**.

"Relative" is defined as "a **person** related to **you** … by blood, marriage or adoption who lives with **you**." [1]

The "household exclusion" provision provides:

THERE IS NO COVERAGE:

2. FOR ANY **BODILY INJURY** TO:

    c. ANY **INSURED** OR ANY MEMBER OF AN **INSURED'S** FAMILY RESIDING IN THE **INSURED'S** HOUSEHOLD.

The estate of Florence Jasper made a claim against State Farm to settle the claim against Mildred for $100,000, the limits of the policy. State Farm made an offer to settle the claim for $25,000, which it asserts is the limit of its obligation under the "household exclusion" and the Missouri Motor Vehicle Financial Responsibility Law.

On March 9, 1992, Mildred filed a declaratory judgment action against State Farm to determine State Farm's obligation under the insurance policy. Specifically, Mildred requested the court to declare the "household exclusion" to be inapplicable and to order State Farm to acknowledge that the extent of liability coverage is $100,000.

Mildred filed a motion for summary judgment on May 4, 1992. In the motion, Mildred asserted that Florence was not a member of "insured's" family, nor did she live in Mildred's, "the insured's", household and therefore the exclusionary clause was inapplicable. Nowhere in the motion did Mildred argue Florence was not a "relative" of hers as defined in the policy.

On January 12, 1993, State Farm filed its motion to compel joinder of the estate of Florence Jasper as an additional party defen-

---

1. As defined in the policy, "person" refers to a human being and "you" or "your" means the named insured or named insureds shown on the declarations page.

dant, which was granted. Thereafter, Mildred's motion for summary judgment was sustained. At State Farm's request, the court later amended its judgment to include findings of fact and law.

In its amended judgment, the court found that Mildred and Florence were sisters who lived together and shared living expenses; however, they had separate sources of income and were financially independent and neither exercised any control or dominance over the other or the other's affairs. In addition, the court found that the policy language, including the exclusionary clause, is "duplicitous, indistinct, uncertain, and ambiguous." Accordingly, the court held that the policy provided coverage in the amount of $100,000 to Mildred Jasper to protect her against the claim of her sister, Florence. State Farm filed this appeal, naming Mildred and the estate of Florence as respondents.[2]

Our review of a grant of summary judgment is essentially de novo. *Yow v. Village of Eolia*, 859 S.W.2d 920, 921 (Mo.App.1993). Because the trial court's judgment is based solely on the record submitted and the law, we need not give deference to its order on appeal. *Id.* Summary judgment is proper when, on the basis of facts not genuinely disputed, the moving party has demonstrated an entitlement to judgment as a matter of law. Rule 74.04.

The "household exclusion" applicable here excludes coverage for bodily injury to "any **insured** or any member of an **insured's** family residing in the **insured's** household." The conjunction "or" is used to express an alternative between two or more things, either one of which may be satisfied. *See* Black's Law Dictionary 1095 (6th ed. 1990). *See also Pope v. Stolts*, 712 S.W.2d 434, 438 (Mo.App. 1986). State Farm first contends that Florence Jasper was Mildred Jasper's "relative" and thus an "insured" under the policy based on the undisputed facts that Florence was Mildred's sister and lived with her. Therefore, her bodily injury was excluded from coverage under the first exclusionary clause excluding coverage for "any insured." Alternatively, State Farm asserts Florence was a member of Mildred's family and resided in

Mildred's household and, therefore, was excluded from coverage under the second exclusionary clause. State Farm's first contention is dispositive.

The policy expressly states, "Defined words are printed in bold face italics." As the above quotation indicates, the household exclusion has the term "insured" in bold face italics. The term "insured" in the policy encompasses not only the named insured, but also the relatives of the named insured. A relative means someone related to and living with the named insured. By plain and unambiguous language in the definition portion of the policy, Florence, as a blood sister living with Mildred, the named insured, was a "relative" under the policy. Florence therefore falls within the category of "any insured" under the household exclusion provisions of the policy. We cannot deviate from the definition of the words used in the policy when, as here, the policy plainly indicates a technical meaning is intended. *See Rodriguez v. General Accident Ins. Co.*, 808 S.W.2d 379, 382 (Mo. banc 1991).

Despite the policy's clear language, Respondents contend that the exclusionary provision here is ambiguous in that the first clause excludes bodily injuries of "any **insured**" which is defined as "relatives of the first person named in the declarations" and the second clause excludes bodily injuries of "any member of an **insured's** family residing in the **insured's** household." These clauses combined, argue Respondents, are ambiguous in that both clauses exclude relatives of the insured, but the first clause excludes those relatives that "live with" the insured while the second clause excludes those relatives that "live in the insured's household."

A policy is ambiguous when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract. *Rodriguez*, 808 S.W.2d at 382. Ambiguous provisions of an insurance policy are to be construed against the insurer. *Behr v. Blue Cross Hosp. Service, Inc.*, 715 S.W.2d 251, 255 (Mo. banc 1986). Clear and unambiguous language, on the other hand, is to be given its plain meaning notwithstanding the

---

**2.** The parties, Mildred and the estate of Florence, will hereinafter be referred to as "Respondents."

fact that it appears in restrictive provisions of the policy. *Harrison v. MFA Mut. Ins. Co.*, 607 S.W.2d 137, 142 (Mo. banc 1980).

The question before us is whether the two exclusionary clauses read together are susceptible to dual meaning, indistinctness or uncertainty. We find that although there is overlap in the two clauses, the clauses are clear, separate and distinct. Respondents ignore the wording used in the policy and mischaracterize the two clauses of the household exclusion as excluding two identical categories of potential claimants—*i.e.,* "relatives who live with the insured" with "relatives who live in the insured's household." This is not what the policy says. The first clause of the exclusionary provision precludes recovery for bodily injuries of "any **insured**." The second clause, in contrast, precludes recovery for bodily injuries of "any member of an **insured's** family residing in the **insured's** household." The latter clause is obviously broader than the previous clause in that it does *not* require a relation by blood, marriage, or adoption.[3] Nor does the second clause purport to restrict or modify the first.

Although there will be cases where an individual would be excluded under both of the clauses, such a result does not necessarily mean the clauses are ambiguous. When two clauses are in the disjunctive, they generally have a separate meaning. *See American Ins. Co. v. First Nat. Bank in St. Louis*, 409 F.2d 1387, 1390 (8th Cir.1969). We are to construe each clause, given its ordinary and usual meaning, and not allow either to perish. *See Harnden v. Continental Ins. Co.*, 612 S.W.2d 392, 394 (Mo.App.1981). Each clause here independently serves to exclude certain persons from coverage. The purpose of household exclusions in general is to safeguard the insurer against collusion and the natural partiality of an insured to members of the insured's household or family circle. *See State Farm Mutual Auto. Ins. Co. v. Ward*, 340 S.W.2d 635, 640 (Mo.1960)

(quoting *Giokaris v. Kincaid*, 331 S.W.2d 633, 640 (Mo.1960)).

As the Missouri Supreme Court said in *Harrison*, "We refuse to create an ambiguity under the policy language where none exists so as to construe the imaginary ambiguity in such a way to reach a result which some might consider desirable but which is not otherwise permissible under the policy or the law." 607 S.W.2d at 142. We likewise refuse to read in an ambiguity here when none exists. In the absence of ambiguity and in the absence of a statute or public policy requiring coverage, we are to enforce the policy as written. *See Rodriguez*, 808 S.W.2d at 382.

Based on the foregoing, we find that the policy is unambiguous and that Florence was a sister of the named insured living with the insured. Hence, she was an "insured" and was excluded from coverage under the first exclusionary clause of the policy. Those findings are dispositive of this matter, so it is unnecessary for us to analyze the proper construction or discuss the applicability of the second exclusionary clause to this case.

State Farm concedes that the household exclusion clause does not exclude coverage required by Missouri's Motor Vehicle Financial Responsibility Law, §§ 303.010–.370 RSMo 1986 & Cum.Supp.1993. In *Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479 (Mo. banc 1992), the Missouri Supreme Court held that those statutory provisions partially invalidate household exclusion clauses. *Id.* at 481–83. State Farm is therefore obligated to meet the coverage amounts mandated by § 303.190.2, RSMo 1986.

Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

CRANE, P.J., and KAROHL, J., concur.

---

**3.** For example, a foster child of either the named insured or an insured would not fall within the first clause because the child is not related by blood, marriage or adoption to the named insured. Yet the foster child under certain circumstances would conceivably fall within the second clause as being a "member of an insured's family residing in the insured's household." *Cf. Busby v. Ranger Ins. Co.*, 708 S.W.2d 795, 796 (Mo.App. 1986).