O’Toole, J.
The sole disputed issue in the parties’ cross motions for summary judgment is whether a certain exclusion in a liability insurance policy applies to exempt the defendant, Continental Insurance Company (“Continental”) from its duty to defend and indemnify Hillcrest Educational Centers, Inc. (“Hillcrest"). Hillcrest seeks a declaration that Continental had a duty to defend and indemnify Hillcrest in an action entitled Betty Lou Williams v. Hillcrest Educational Centers, Inc., et al., No. 93-30193-F, U.S. District Court, D.Mass. (the “underlying action”).[1] For the reasons discussed herein, Continental’s motion for summary judgment is ALLOWED and Hillcrest’s motion for summary judgment is correspondingly DENIED.
Hillcrest is a non-profit Massachusetts corporation which operates a residential education and treatment *470 facility for emotionally and developmentally disabled adolescents located at Old Stockbridge Road in Lenox. On June 28, 1991, Kenneth C. Powell, a 21-year old child care worker formerly employed by Hillcrest, was let into the building in the early morning hours by the housekeeper. While in the dormitory, Powell raped one of its residents, Betty Lou Williams, age 16.
Continental issued a commercial general liability policy to Hillcrest effective from September 1, 1990 to September 1, 1991. Hillcrest promptly notified Continental of its claim for coverage under the policy; on August 27, 1991 Continental reserved its right to deny coverage with respect to the claim, which it subsequently did.
In denying coverage, Continental has relied on an exclusion in Hillcrest’s policy, the Care Facility Endorsement (“Care Facility Endorsement”), which reads, in pertinent part, as follows:
This insurance does not apply to any claim for damages or injury of any nature:
1. Whether or not intentional, arising out of the actual, alleged, attempted, or proposed sexual abuse or molestation, whether or not intentional, of any person.
2. Arising out of self-inflicted injuries.
3. Arising out of, or contributed to by: The negligent or intentional:
a. employment;
b. investigation;
c. supervision;
d. reporting to the authorities, or failure to so report; or
e. retention; of a person for whom any insured is or ever was legally responsible and whose conduct:
(1) would be excluded by 1 above; or
(2) may have contributed to the injuries set forth in 2 above.
We shall have no duty to investigate, settle, or defend any claim or suit against an insured seeking damages because of such injuries as described in 1, 2, or 3 above.
Hillcrest, for its part, contends that a second exclusion, the so-called “MAAPS2" form, narrows the Care Facility Endorsement exclusion. MAAPS2 reads, in relevant part, as follows:
1. This policy does not apply to any Bodily Injury arising out of any claim, whether actual or alleged resulting from the sexual or physical abuse or molestation of any person, by you, your employees, volunteer workers or any person under your direct supervision.
The company shall not have any duly to investigate, settle or defend any claim or suit against an Insured seeking such damages on account of any such injury or damage.
In general, the obligation of a liability insurance company under a policy requiring it to defend an action brought by a third party is determined by the scope of the allegations in the complaint. Vappi & Co., Inc. v. Aetna Casualty & Surety Co., 348 Mass. 427, 430 (1965). Conversely, there is no duty to defend if the complaint alleges only a liability which the policy excludes from coverage. Terrio v. McDonough, 16 Mass.App. 163, 168 (1983). The duty to defend is broader than the duty to indemnify, the latter being determined from facts rather than the allegations. See Sterllite Corp. v. Continental Casualty Co., 17 Mass.App.Ct. 316, 321 (1983); Travelers Ins. Co. v. Waltham Industrial Laboratories Corp., 883 F.2d 1092, 1099 (1st Cir. 1989).
In the present case, the matching of the underlying claim against the policy provisions leads to the conclusion that Continental’s denial of coverage was justified. The Care Facility Endorsement excludes coverage for the claims brought against Hillcrest in the underlying action. First it should be said that all of the claims brought by Williams against Hillcrest “aris[e] out of the actual, alleged, attempted, or proposed sexual abuse or molestation ... of any person” and are, therefore, excluded from Hillcrest’s policy by the terms of the Care Facility Endorsement. See, e.g., Casualty Indemnity Exchange v. Small Fry, Inc., 709 F.Supp. 1114 (S.D.Fla. 1989) (allegations of negligent supervision and failure to provide competent care “arose out of’ sexual abuse); ICPI Ltd. v. Old Republic Ins. Co., 758 F.Supp. 478 (E.D. Wis. 1991) (allegations of negligence in failing to supervise or provide adequate security not covered by policy that excluded claims “arising out of’ sexual abuse).
MAAPS2 does not limit, narrow, or replace the Care Facility Endorsement. It expresses no provision to such effect, and there is no rule of construction that properly gives it priority over the Care Facility Endorsement.[2]
Hillcrest claims, however, that the MAAPS2 Endorsement conflicts with the Care Facility Endorsement, and that the insurance policy is thus ambiguous. In this circumstance, it is said, the narrower provision must be given precedence over the broader. Specifically, Hillcrest contends that since the MAAPS2 Endorsement mirrors the language in the Care Facility Endorsement concerning sexual abuse or molestation but is narrower in that it excludes only claims for damage or injuiy arising out of sexual abuse or molestation committed by employees, volunteers, or individuals under Hillcrest’s direct supervision, the claims arising from Powell’s sexual abuse are not excluded, Powell not having been an employee or a person under its supervision.
Both Hillcrest’s reading of the policy and its analysis are flawed. The two endorsements overlap; neither is subsumed by the other. The MAAPS2 Endorsement, although narrower in certain respects, is broader in *471 others than the Care Facility Endorsement. MAAPS2 excludes from its coverage claims for bodily injury arising from sexual or physical abuse or molestation while the Care Facility Endorsement excludes not only claims for bodily injury or damage arising from sexual abuse or molestation but also for self-inflicted damage and for injuries arising from “negligent supervision.”
“Overlap” between two endorsements does not create an ambiguity.[3] Specifically, the MAAPS2 exclusion for sexual or physical abuse by an employee does not create or evidence any ambiguity in the more general Care Facility exclusion. Although Massachusetts courts have not addressed this issue directly, courts in similar situations have declined to nullify unambiguous exclusions for the sole reason that another arguably narrower exclusion in the policy did not also exclude the claim. See, e.g., United National Ins. v. Waterfront New York Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993) (clause excluding claims arising out of assault and battery precluded coverage for underlying tort claim arising from rape at insured’s premises even though narrower exclusion for injury arising out of sexual abuse of person under sixteen did not apply); Jasper v. State Farm Mutual Automobile Insurance Co., 875 S.W.2d 954, 957 (1994) (exclusion from policy coverage of “any insured,” defined as relatives, and “member of an insured’s family residing in the insured’s household” are not ambiguous although they overlap).
The fundamental point is that there is no “ambiguity” created simply because two clauses that exclude (in part) different contingencies also exclude (in part) the same contingency. This is what the cases in other jurisdictions say, and in the absence of direct Massachusetts authority, it seems sensible to follow the reasoning of these cases. The overlap of the clauses therefore does not affect the exclusion expressed in the Care Faciliiy Endorsement. See United National Insurance, supra, at 109.
Finally, the professional liability provision does not apply to the underlying action. Failing all else, Hill-crest alleges that Continental has a duty to defend because of the “professional faciliiy coverage.” The Health Care Facility Coverage for the policy provides coverage for “damages which result from a ‘professional incident’ in the course of performing professional services for your resident health care faciliiy.” This claim also fails; there is no coverage for the underlying action as “professional services” because the alleged rape did not occur during the rendering of any service requiring specialized knowledge, labor or skill. See Roe v. Federal Ins. Co., 412 Mass. 43, 48-49 (1992).
Because Continental had no duty to defend or indemnify Hillcrest for claims against it in the underlying action, its decision to deny coverage was not an unfair or deceptive act or practice in violation of M.G.L.c. 93A.
ORDER
For the foregoing reasons, it is hereby ORDERED that Continental’s motion for summary judgment against Hillcrest is ALLOWED and it request for an injunction declaring that Continental has no obligation to defend or indemnify Hillcrest in connection with Williams’ complaint is ALLOWED. Hillcrest’s motion for summary judgment is correspondingly DENIED.

Hillcrest also asserts causes of action for breach of contract, breach of an implied covenant of good faith and fair dealing, and unfair and deceptive insurance practices. Continental filed a counterclaim seeking a declaratory judgment that it has no obligation to defend or indemnify Hillcrest.

The fact that the forms are printed in two different typefaces does not support Hillcrest’s claim that MAAPS2 replaces the earlier endorsement. Cf. Hagan v. Scottish Ins. Co., 186 U.S. 423, 428 (1902) (construing a typewritten and a printed provision). The preference accorded to “typewritten” clauses in otherwise pre-printed documents is increasingly a relic of an age of more primitive technology and is of no help in the present context of a contract assembled by selecting forms firom a library of potential endorsements.

Because there was no ambiguity in Hillcrest’s policy as it related to the underlining action, there is no need to strike the affidavit of Michael J. Susco as Continental has moved to do. The affidavit is not pertinent because extrinsic evidence as to what the parties meant is relevant only if the contract is ambiguous.