Neal **MABRY,** individually and by and through his natural guardian and father, Frank Mabry, Plaintiff/Appellant,

v.

**FARM BUREAU TOWN & COUNTRY INSURANCE COMPANY OF MISSOURI,** Defendant/Respondent.

No. 69642.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 17, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1996.

Application to Transfer Denied
Dec. 17, 1996.

Gretchen Myers, Myers & Kordenbrock, P.C., St. Louis, Plaintiff/Appellant.

Robert J. Wulff, Amelung, Wulff & Willenbrock, P.C., St. Louis, Defendant/Respondent.

GRIMM, Judge.

Cross motions for summary judgment raised the issue whether plaintiff was an "insured" under defendant's policy. The trial court ruled that he was not and plaintiff appeals. We affirm.

I. Background

The parties stipulated to the facts. On January 18, 1985, plaintiff, age 18, was driving his father's automobile. The vehicle was

insured by State Farm Mutual Insurance Company.

At an intersection, an uninsured driver ran a red light and crashed into the car plaintiff was driving. He sustained very severe injuries, having damages in excess of $325,000. State Farm paid plaintiff $75,000 under its uninsured motorist coverage.

Plaintiff, his father, and Irene Spinner have lived together since 1979. However, father and Ms. Spinner never married. Plaintiff and Ms. Spinner are not related by blood. Although she cared for plaintiff emotionally and physically since plaintiff was in the 7th grade, Ms. Spinner never legally adopted him.

At the time of the incident, Ms. Spinner owned a vehicle insured by defendant. The policy shows Ms. Spinner as the "named insured." She never asked defendant to include either father or plaintiff as an additional insured on its policy. Nor were they a "named" insured on any automobile policy defendant issued.

The policy provided uninsured motorist coverage to "the insured." The policy defined "insured" as "[t]he named insured, his spouse and any relative." In addition, the policy defined "relative" as "a person related to the named insured or spouse by blood, marriage, or adoption."

In his summary judgment motion, plaintiff contended he was covered by defendant's policy. He claimed he was an "insured" either because (1) father is the "spouse" of Ms. Spinner and father is related by blood to plaintiff, or (2) plaintiff is "related" to Ms. Spinner by adoption. The trial court disagreed.

This court's review of a summary judgment is pursuant to *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). Our review is essentially *de novo. Id.*

## II. Discussion

In his sole point, plaintiff alleges the trial court erred by denying his motion for summary judgment and granting defendant's motion. He contends "the word 'adoption' in the 'definitions' section of defendant's policy is ambiguous." Thus, he claims coverage should be afforded to him "as an adopted son of the insured."

■ An ambiguity arises when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract. *Jasper v. State Farm Mut. Auto. Ins. Co.*, 875 S.W.2d 954, 956 (Mo.App. E.D.1994). Language is ambiguous if it is "reasonably open to different constructions and ... will be viewed in the meaning that would ordinarily be understood by the layman who bought and paid for the policy." *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208, 210 (Mo.banc 1992).

In support of his contention, plaintiff cites two cases, *Hayes v. American Standard Ins. Co.*, 847 S.W.2d 150 (Mo.App. S.D.1993), and *Busby v. Ranger Ins. Co.*, 708 S.W.2d 795 (Mo.App. E.D.1986). Neither case discusses the term "adoption."

In both *Hayes* and *Busby,* the definition of an "insured" was a person "related to you by blood, marriage, or adoption.... This includes a ward or foster child." *Hayes,* 847 S.W.2d at 151; *Busby,* 708 S.W.2d at 796. In contrast, the policy before us does not include the phrase, "[t]his includes a ward or foster child."

In both *Hayes* and *Busby,* the courts found the term "foster child" to be ambiguous. *Hayes,* at 152–55; *Busby,* at 796. The courts utilized a dictionary definition of "foster child" and determined the drivers were covered by the policies. *Id.* Plaintiff urges us to do the same with the term "adopted."

■ However, the meaning of the term "adopted" is well settled. Adoption is a judicial act which creates a complex set of legal relationships similar to those existing between a natural parent and child. *Niehaus v. Madden,* 348 Mo. 770, 155 S.W.2d 141, 144 (Div. 1, 1941). "It exists ... in this country solely as a creature of statute and the juridical act of adoption ... must ... be the precise act required by the statute." *Id.* "Since 1917 adoption must be effected by a decree of the proper juvenile court." *Id.*

■ Moreover, *Busby* does not support plaintiff's position. Rather, it supports our

conclusion. In *Busby*, this court found the child-driver was a foster child. However, in reaching that conclusion, this court said that the child-driver could not "be considered a natural or *adopted* member" of the insured's family. *Busby*, 708 S.W.2d at 796 (emphasis added). "Adopted" is not an ambiguous term. Point denied.

The trial court's judgment is affirmed.

CRAHAN, P.J., and HOFF, J., concur.