In the ESTATE OF BROWN.

**James T. BROWN, Personal Representative of the Estate of Joe R. Brown, Deceased, Appellant,**

v.

**Utona GILLESPIE, Personal Representative of the Estate of Beverly A. Brown, Deceased, Respondent.**

No. 21323.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 7, 1997.

Motion for Rehearing and Transfer to Supreme Court Denied Oct. 28, 1997.

John R. Sanderford, for appellant.

Kerry D. Douglas, for respondent.

PARRISH, Presiding Judge.

Joe R. Brown (petitioner) [1] appealed an order of the Probate Division of the Circuit Court of Hickory County, Missouri, granting the objection of Utona Gillespie (respondent [2]) to his attempt to take against the will of Beverly A. Brown, deceased, pursuant to § 474.160.[3] This court affirms.

 Petitioner was the surviving spouse of the decedent. The order appealed is a final order of the probate division of the circuit court. The order is, therefore, appealable to this court. *See* § 472.160.1(14).[4]

---

1. James T. Brown, Personal Representative of the Estate of Joe R. Brown, was substituted as appellant herein following the filing of a suggestion of death of Joe R. Brown.

2. Respondent is a party to this appeal personally and as Personal Representative of the Estate of Beverly A. Brown.

3. References to statutes are to RSMo 1994, unless stated otherwise.

4. The Eastern District of this court concluded in *In the Matter of Kemp v. Balboa,* —— S.W.2d ——, 1997 WL 456685 (No. 71514 Mo.App.E.D. filed August 12, 1997), that the requirement of Rule 74.01(a) that a document from which an appeal is taken must be labeled "judgment" does not apply to appeals from probate proceedings. *Kemp* concluded, "Rule 41.01(b) provides that certain rules, not specifically including 74.01, apply to proceedings in the probate division of the circuit court." Slip op. at p. 4, at p. ——. We agree.

Petitioner and decedent married March 18, 1978. After the marriage they maintained their home in a residence Mrs. Brown owned in Kansas. Petitioner had previously resided in a house he owned in Kansas City, Missouri. Both Mr. and Mrs. Brown had children from prior marriages.

On the day of the marriage, Mr. and Mrs. Brown went to the office of Roy S. Bennett, Jr., an attorney in Shawnee, Kansas. Petitioner executed a will Mr. Bennett had prepared. The will established a testamentary trust for Mrs. Brown during her lifetime. The trust was to terminate at her death or remarriage. The property was to then be distributed to Mr. Brown's children.

Mrs. Brown executed a "Consent of Spouse" that was numbered "Page 6" of petitioner's will. It states she was the wife of Joe R. Brown; that he made and published the document dated March 18, 1978, as his last will and testament; that she "read the contents of the Last Will and Testament and, with full understanding of its meaning and knowledge of [her] rights under the laws of Kansas," gave her consent to each provision contained in the will.

Mr. Bennett testified in the probate proceeding that is the subject of this appeal by deposition. He recalled:

In March of 1978, I prepared a will for Mr. Brown to which Mrs. Brown consented. I have no current notes on that. It's my belief that at the same time—and the date, incidentally, was March 18, 1978—I think I also prepared a similar will for Mrs. Brown to which Mr. Brown consented.

The will that is the subject of this appeal was executed by Mrs. Brown June 18, 1979. The will states it was "executed, declared and published at Kansas City, Missouri," on that date.

Paragraph Second of Mrs. Brown's will identified the residence she and petitioner occupied in Kansas. It gave to petitioner "the exclusive right to occupy ..., the residence" after her death provided it was owned by her when she died. The residence, subject to the occupancy right bequeathed to petitioner, and all other property was left to Mrs. Brown's daughter, Utona L. Gillespie,

the respondent in this appeal. Paragraph Sixth of the will declared that, prior to executing the will, Mrs. Brown "received advice and counsel in relation to this" will from her attorney, Mr. Bennett. A "Consent of Spouse" dated June 18, 1979, numbered "Page 5" is part of that will.

Mr. and Mrs. Brown continued to reside in Kansas until 1991 when they moved to Wheatland, Missouri. Mrs. Brown sold the residence in Kansas. She used the proceeds from the sale of her house and funds from stock her first husband had acquired in Abbott Laboratories, his employer, to purchase the house in Wheatland. The Wheatland residence was titled in Mrs. Brown's name.

On January 20, 1992, Mrs. Brown amended her June 18, 1979, will by codicil. The codicil states it was "executed, declared and published at Shawnee, Kansas," on that date. Its dispositive language states:

1. I hereby revoke all of paragraph Second, as contained in my said Will and, in lieu thereof, substitute revised paragraph Second, to read as follows:

"SECOND

I hereby give, devise and bequeath to my husband, Joe R. Brown, if he survives me, the exclusive right to occupy after my death, the residence at Route 2, Box 174B, Wheatland, Missouri 65779, provided said residence is owned by me at the time of my death; this right shall terminate upon the occurrence of the first of the following contingencies: (1) the death of said Joe R. Brown; (2) the remarriage of Joe R. Brown; (3) if Joe R. Brown ceases to personally occupy said residence as his sole and exclusive place of residence."

2. My said Will in all other respects is hereby ratified and confirmed.

The codicil to Mrs. Brown's will consists of 5 pages. It includes a "Consent of Spouse" signed by petitioner that states:

I, JOE R[sic] BROWN, of legal age, sound mind and free of any restraint or influence whatsoever, make the following statement and declaration of consent.

I am the husband of BEVERLY A. MORRIS BROWN, now residing at Wheatland, Missouri, who made and published the document dated *January 20, 1992,* declaring the same to be a Codicil to her Last Will and Testament. I have read the contents of the said Codicil and, with full understanding of its meaning and knowledge of my rights under the laws of Kansas, do hereby give my consent to each of the provisions contained therein.

WITNESS MY HAND this *20th* day of *January,* 1992, at Shawnee, Kansas.

Petitioner's signature appears below the recitation. It is followed by a statement signed by two attesting witnesses. The witnesses' statement attests that they saw petitioner "sign the above instrument and declare the same to be his consent to the Codicil to the Last Will and Testament of Beverly A. Morris Brown." It states that the witnesses, in the presence of petitioner and in the presence of each other, subscribed their names as attesting witnesses.

Beverly A. Brown died December 24, 1995. Her will dated June 18, 1979, and codicil dated January 20, 1992, were admitted to probate in Hickory County January 26, 1996. Letters Testamentary issued appointing respondent personal representative. On February 20, 1996, petitioner filed a pleading entitled "ELECTION BY SURVIVING SPOUSE TO TAKE AGAINST WILL." It stated that he, as surviving husband of decedent, elected to take his "legal share in the estate of the said Beverly A. Brown" and that he renounced all provisions in testator's will inconsistent with the rights afforded him by § 474.160.[5]

Respondent filed an objection to petitioner's election to take against the will. The trial court conducted an evidentiary hearing on the motion. Prior to completing the hearing, the matter was continued, by agreement of the parties, to enable further evidence to be presented. The deposition of Roy S. Bennett, Jr., was subsequently filed, together with written suggestions on behalf of the respective parties. The trial court sustained respondent's objection to petitioner's election to take against the will, thereby refusing to permit the election.

Petitioner asserted the trial court erred in barring his election to take against the will contending the "spousal consent" petitioner executed in Kansas in January 1992 did not suffice as a valid waiver under the laws of Missouri. Petitioner argued the Kansas consent failed because it was executed while testator and petitioner were Missouri residents with Missouri property (Point I); because he "was never informed of his rights under Missouri law" (Point II); and because he "did not receive disclosure of or possess accurate independent knowledge of the property interests of his spouse" (Point III).

Petitioner's arguments are based on what Missouri law requires in order for a Missouri postnuptial agreement to be enforceable. His argument is premised on the conclusion that the requirements of § 474.220 must be met in order for the Kansas spousal consent to be effective.[6] Respondent argues Kansas

5. § 474.160 states:

 1. When a married person dies testate as to any part of his estate, a right of election is given to the surviving spouse solely under the limitations and conditions herein stated:

 (1) The surviving spouse, upon election to take against the will, shall receive in addition to exempt property and the allowance under section 474.260 one-half of the estate, subject to the payment of claims, if there are no lineal descendants of the testator; or, if there are lineal descendants of the testator, the surviving spouse shall receive one-third of the estate subject to the payment of claims;

 (2) When a surviving spouse elects to take against the will he shall be deemed to take by descent, as a modified share, such part of the estate as comes to him under the provisions of this section, and shall take nothing under the will;

 (3) Whenever there is an effective election to take against a will which provides for benefits to accrue upon the death of the surviving spouse, the election has the same effect as to the benefits as if the surviving spouse had predeceased the testator, unless the will otherwise provides.

 2. The rights of the surviving spouse under this section are not given in lieu of the homestead allowance under section 474.290, but any homestead allowance made to the surviving spouse shall be offset against the share taken under this section.

6. § 474.220 states:

 The right of election of a surviving spouse hereinbefore given may be waived before or after marriage by a written contract, agreement or

law is applicable and that under Kansas law, the consent of spouse is effective. This court agrees with respondent's argument.

The codicil that modified decedent's 1979 will and ratified and confirmed the part of the will that was not changed was executed in the state of Kansas on January 20, 1992. Petitioner's "Consent of Spouse" is part of that codicil. The consent acknowledges that petitioner, in executing the consent, proceeded on the basis that the rights he effected thereby were his "rights under the laws of Kansas."

At the time the codicil and consent were executed, Kansas law provided:

> Either spouse may will away from the other half of his or her property, . . . . Neither spouse shall will away from the other more than half of his or her property, . . . unless the other shall consent thereto in writing executed in the presence of two or more competent witnesses, or shall elect to take under the testator's will as provided by law.

Kan.Stat.Ann. § 59–602(2) (1991).

Section 59–603, Kan.Stat.Ann. (1991), provided that a surviving spouse who had not consented during a testator's lifetime to the testator's will "as provided by law" could elect whether to take under the will or under laws of intestate succession. The statute further provided that if a survivor had consented to the will "he or she shall take under the testator's will."

■ Kansas law with respect to a consent of spouse, as declared by that state's Supreme Court, is that a spouse who derives a benefit under a will and who consents to that will, in writing, in the manner prescribed by Kansas statute, relinquishes his right to inherit from the testator other than as provided by the terms of the will. *See Younger v. Estate of Younger,* 198 Kan. 547, 426 P.2d 67, 72 (1967). The consent of a

waiver signed by the party waiving the right of election, after full disclosure of the nature and extent of the right, if the thing or the promise given to the waiving party is a fair consideration under all the circumstances. This written contract, agreement or waiver may be filed in the same manner as hereinbefore provided for the filing of an election.

husband to his wife's will is irrevocable. 426 P.2d at 71.

Relative to the consent of one spouse to the will of the other, the equitable doctrine has been announced that the one who consents and takes any beneficial interest under a will, shall not at the same time set up any right or claim of his own, even if legal and well founded, which would defeat or in any way prevent the full effect and operation of every part of the will to which the consent has been given.

*Id.,* citing *Aten v. Tobias,* 114 Kan. 646, 220 P. 196 (1923).

■ Petitioner took a beneficial interest under testator's will, as amended by the codicil. He took "the exclusive right to occupy after [her] death, the residence at Route 2, Box 174B, Wheatland, Missouri . . . ." As stated in *Younger,* under Kansas law "[t]his is good and sufficient consideration to establish a binding contract . . . with respect to the provisions . . . of [the] will." 426 P.2d at 72.

■ The fact that the consent was part of the codicil to Mrs. Brown's will does not preclude its enforcement as a contract. Under both Kansas and Missouri law, an instrument may be testamentary in part and contractual in part. *Id. See also Holliday v. Hawkins,* 775 S.W.2d 349 (Mo.App.1989).[7]

Does the consent of spouse petitioner executed bar him from taking against the will? If Kansas law applies, based on the principles enunciated in *Younger,* petitioner's consent of spouse is an enforceable contract and he is barred from taking against the will; hence, the principles of Missouri law petitioner attempts to raise are moot. If Missouri law applies, the issues petitioner presented require review and determination.

Missouri follows the Restatement (Second) Conflict of Laws in contract actions. *Yates v. Bridge Trading Co.,* 844 S.W.2d 56, 62 (Mo.

*See* n. 4, *supra. See also,* § 474.190.

7. "A will may contain separate provisions, some of which are testamentary and some of which are contractual . . . . The provisions must be considered independently to determine their effect." 775 S.W.2d at 351 (citations omitted).

App.1992); *National Starch and Chemical Corp. v. Newman,* 577 S.W.2d 99, 102 (Mo. App.1978).

Section 186 of the Restatement provides:

Issues in contract are determined by the law chosen by the parties in accordance with the rule of § 187 and otherwise by the law selected in accordance with the rule of § 188.

Section 187 addresses choice of law concerning issues the parties could resolve by terms in an agreement (subsection (1)) and issues the parties could not resolve by an agreement they might choose to make (subsection (2)), e.g., the issue of capacity—"A person cannot vest himself with contractual capacity by stating in the contract that he has such capacity." Restatement (Second) Conflict of Laws § 187 cmt. on Subsection (2)d (1971).

■ The issue in this case is a surviving spouse's ability to contract not to elect to take a share of an estate other than that provided in a deceased spouse's will. That issue is one that may be resolved by explicit language of a contract. § 474.220; Kan.Stat. Ann. §§ 59–602(2) and 59–603. Subsection (1) of § 187 of the Restatement applies. "The law of the state chosen by the parties to govern their contractual rights and duties will be applied...." Restatement (Second) Conflict of Laws § 187(1) (1971).

■ The parties to the codicil, Mrs. Brown as testator and petitioner in the capacity of having executed the Consent of Spouse, can be assumed to have intended that the contract be binding. *State ex rel. St Joseph Light & Power Co. v. Donelson,* 631 S.W.2d 887, 891 (Mo.App.1982). The document, both its testamentary provisions and its contractual provision, was executed in Kansas and petitioner's consent referred to the rights he possessed under the laws of that state. Under these circumstances this court concludes the parties chose the law of Kansas as the applicable law.

Having concluded that Kansas law is applicable in this case, that the Consent of Spouse that is part of the January 20, 1992, codicil is enforceable under Kansas law, petitioner's allegations that the trial court's denial of his election to take against the will was contrary to Missouri law are moot. Finding no erroneous declaration or application of law, the order is affirmed.

MONTGOMERY, C.J., and BARNEY, J., concur.