**In the Matter of the ESTATE OF Raymond KLAUBER, Incapacitated/Disabled.**

**No. SC 83350.**

Supreme Court of Missouri,
En Banc.

Nov. 20, 2001.

Cynthia A. Sciuto, Thomas B. Weaver, Marshall R. Hoekel, St. Louis, for appellant.

Douglas L. Levine, Clayton, for respondent.

RONNIE L. WHITE, Judge.

The probate division of the circuit court dismissed appellant, Clayton House Health Care's ("Clayton House"), claim against the estate of Raymond Klauber ("the estate") for failure to prosecute, without specifying whether the dismissal was with prejudice or without prejudice. Clayton House attempted to re-file the claim, and the court again dismissed, holding that the prior dismissal was effectively a prejudicial

dismissal by operation of section 510.150.[1] Appellant argues that Rule 67.03, which provides that dismissals are without prejudice unless otherwise specified should control here. Because we agree that Rule 67.03 does not apply in probate matters, the judgment of the trial court is affirmed.

On August 6, 1999, Clayton House filed a claim for approximately $ 25,000 against the estate. The claim was set for hearing on October 18, but claimant failed to appear on that date, and the court dismissed the matter for failure to prosecute. The order of dismissal did not specify whether the dismissal was to be with prejudice or without prejudice. On December 21, 1999, Clayton House re-filed its claim; the conservator moved to dismiss, arguing that the previous dismissal was presumptively with prejudice. On February 14, 2000, the court granted the motion and dismissed the claim. This appeal followed.

The question presented is whether section 510.150 or Rule 67.03 controls this case. Under the statute, the dismissal here was with prejudice: "any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify." [2] The rule provides the opposite result: "Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." [3]

The probate code provides that probate proceedings are to be conducted according to the civil code and the rules of civil procedure, except where a specific provision of the probate code or another statute provides otherwise.[4] This Court's rules of civil procedure—Supreme Court Rules 41 through 101—generally exclude probate actions from their coverage.[5] Rule 41.01(b), however, does make certain specified rules applicable to probate proceedings, and permits a probate judge to order that any or all of the remaining civil procedure rules shall be applicable in particular case.[6]

Appellant recognizes that Rule 67 is not one of the rules made applicable to all probate proceedings, and that the court did not enter an order making the rule applicable here, but relies instead on Rule 41.04, which provides that: "If no procedure is specially provided by rule, the court having jurisdiction shall proceed in a manner consistent with the applicable statute, or statutes, if any, and precedent but not inconsistent with Rules 41 to 101, inclusive." Appellant argues that the applicable statute, section 510.150, is inconsistent with Rule 67.03, and therefore, Rule 41.04 prohibits the statute's application.

This construction of Rule 41.04 is flawed because it fails to read the rule *in pari materia* with Rules 41.01(a) and (b). Under appellant's reading, Rule 41.04 would invalidate any probate procedure provided in the probate code or other statute that was inconsistent with this Court's rules of civil procedure. This is notably contrary

1. All statutory references are to RSMo 2000.

2. Section 510.150, RSMo.

3. Rule 67.03.

4. Section 472.141, RSMo.

5. Rule 41.01(a)(2).

6. Rule 41.01(b) provides that:

Rules 41, 54.18, 55.03, 56, 57, 58, 59, 60, 61, and 62 apply to proceedings in the probate division of the circuit court. The judge of the probate division may order that any or all of the other Rules 41 through 101 or specified subdivisions of the rules shall be applicable in a particular matter. Any such order shall specify the rules or subdivisions to be applied and a time for compliance with the order. The order shall be served upon all of the parties.

to Rules 41.01(a) and (b), which expressly apply to probate proceedings only those civil rules that are specifically mentioned in the rule or made applicable by court order. In this situation, appellant's construction would (if taken literally) leave the court with no permissible procedure to apply. Rule 41.04 would prevent the court from applying any rule inconsistent with Rule 67.03, but Rules 41.01(a) and (b) clearly indicate that Rule 67.03 does not apply to probate matters such as this one. Appellant would apparently resolve this conflict by simply applying Rule 67.03, but that reading of Rule 41.04 would render Rules 41.01(a) and (b) meaningless, since it would effectively require that all the civil rules be applied in probate court.

Reading Rule 41.04 in harmony with Rules 41.01(a) and (b), however, produces a construction that avoids such paradoxical results. Specifically, a statute or precedent applicable to probate proceedings is not "inconsistent with Rules 41 through 101"—as that phrase is used in Rule 41.04—because it conflicts with a provision of those rules that is made inapplicable to probate proceedings by Rules 41.01(a) and (b). This is the proper construction of Rule 41.04, and accordingly the rule does not bar the application of section 510.150 to this action.

This result is generally consistent with the court of appeals' analysis of similar issues. For instance, in *Kemp v. Balboa*,[7] and *Brown v. Gillespie*,[8] the court of appeals held that a probate code provision regarding when a judgment was final and appealable controlled over Rule 74.01, even though the latter was inconsistent with the statute. Similarly, in *Estate of Ewing*, the court of appeals held that Rules 74.06(b)

and 75.01 did not supersede conflicting statutes in a probate matter.[9] The only authority appellant has cited that is arguably to the contrary is *Estate of Johnson*,[10] which assumes, without otherwise analyzing the question, that Rule 67.03 applies in probate matters. To the extent that *Johnson* implies that the rule controls over section 510.150 in matters where the rule has not been made applicable to the case, it should no longer be followed.

Under section 510.150, which is controlling here, appellant's previous claim was dismissed with prejudice, barring his subsequent attempt to re-file the same claim. Accordingly, the trial court properly dismissed the second claim.

The judgment of the trial court is affirmed.

LIMBAUGH, C.J., HOLSTEIN, BENTON and LAURA DENVIR STITH, JJ., concur.

PRICE, J., dissents in separate opinion filed.

WOLFF, J., concurs in opinion of PRICE, J.

WILLIAM RAY PRICE, JR., Judge, dissenting.

I respectfully dissent.

I do not quibble with the hyper-technical reading of Rules 67 and 41 set out by the majority, but I think it misses the point. Why penalize a litigant for what appears to be our mistake in drafting Rule 41? There is no reason why an order of dismissal in probate should be treated any differently than an order of dismissal in any other civil case. We should simply admit that we did not do as good of a job in drafting

**7.** 959 S.W.2d 116, 118 (Mo.App.1997).

**8.** 955 S.W.2d 940, 941 n. 4 (Mo.App.1997).

**9.** 883 S.W.2d 545, 546–47 (Mo.App.1994).

**10.** 912 S.W.2d 560, 561 n. 4. (Mo.App.1995).

515

Rule 41 as we might have and that any involuntary dismissal in probate court is "without prejudice unless the court in its order for dismissal shall otherwise specify" consistent with Rule 67.