**In the Matter of the ESTATE OF R.M.**

**No. ED 95675.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 25, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 2011.

Application for Transfer Denied Jan. 31, 2012.

Kristin K. Zurek, Cherlyn M. Crosby, St. Louis, MO, For appellant.

Catherine Ward Keefe, Jayne M. Glaser, Clayton, MO, Benicia A. Baker–Livorsi, St. Charles, MO, For respondent.

Steven M. Davis, Guardian Ad Litem, Arnold, MO, For Juvenile.

Anthony E. Rothert, St. Louis, MO, Elizabeth L. Mitchell, Daniel S. Volchok, Washington, DC, Elizabeth C. Mooney, Boston, MA, Leslie Cooper, New York, NY, For Amicus Curae.

Before ROBERT G. DOWD, JR., P.J., MARY K. HOFF, J., and SHERRI B. SULLIVAN, J.

## OPINION

PER CURIAM.

■ P.M. (Appellant) appeals from the final order[1] of the Probate Division of the Circuit Court of Jefferson County (hereinafter Jefferson County Probate Court or probate court) dismissing her Petition for the Appointment of Guardianship of Minor and vacating her Writ of Habeas Corpus. We affirm in part and dismiss in part.

First, we find that the probate court did not err in entering its final order dismissing Appellant's Petition for the Appointment of Guardianship of Minor. An extended opinion on this issue would have no precedential value. We have, however, provided the parties a memorandum setting forth the reasons for our decision. The probate court's final order dismissing Appellant's Petition for the Appointment of Guardianship of Minor is affirmed pursuant to Rule 84.16(b).[2]

Second, for the reasons explained below, we dismiss Appellant's appeal of the probate court's final order vacating her Writ of Habeas Corpus.

## *Factual and Procedural Background*

Minor was born on May 9, 2006. Respondent's adoption of Minor as her daughter became official on July 10, 2007, by a Judgment and Decree of Adoption entered by the St. Louis County Circuit Court. On May 6, 2010, Appellant filed a Petition for Writ of Habeas Corpus seeking custody of Minor as her "next living biological relative under the probate code" in the Jefferson County Circuit Court. The Jefferson County Circuit Court issued a writ of habeas corpus ordering Respondent to produce Minor on May 17, 2010. The Jefferson County Probate Court appointed a guardian ad litem and ordered a home study while setting the guardianship matter for hearing on the merits for May 17, 2010. Respondent answered the Petition for Writ of Habeas Corpus on May 17, 2010, stating that she had lawful custody of Minor by virtue of the July 10, 2007 Judgment and Decree of Adoption.

On October 5, 2010, the probate court issued a final order vacating the previously issued writ of habeas corpus because Appellant's petition for writ of habeas corpus had stated no legal right of custody of Minor by Appellant. This appeal follows.

## *Point on Appeal*

In her point on appeal, Appellant claims the probate court erred in vacating the previously issued writ of habeas corpus

---

1. The requirement of Supreme Court Rule 74.01(a) that a document from which an appeal is taken must be labeled "judgment" does not apply to appeals from probate proceedings. *Kemp v. Balboa,* 959 S.W.2d 116,

118 (Mo.App. E.D.1997); *Estate of Brown,* 955 S.W.2d 940, 945 (Mo.App. S.D.1997).

2. All rule references are to Mo. R. Civ. P.2010, unless otherwise indicated.

252

because habeas corpus proceedings may be used to collaterally attack a custody judgment entered by another court that is void *ab initio* and a legal nullity.

### Discussion

 Habeas corpus exists solely to challenge the legality of confinement or custody. *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 213 (Mo.banc 2001). Custody of a child may be the subject of a proceeding in habeas corpus. Rule 91.01(b). Normally no appeal lies from a denial of relief in a habeas corpus proceeding, and a petitioner whose petition for habeas corpus is denied must file a new petition with a higher court. *Anderson v. Jackson,* 181 S.W.3d 172, 175 (Mo.App. S.D.2005). However, "[a]ny party may appeal to the court of appeals from a decision in a habeas corpus proceeding involving the custody of a minor child where there is in effect, at the time of the hearing on the writ, no prior court order determining custody." Section 512.025.

Here, there is a prior court order determining custody, in the form of the July 10, 2007 Judgment and Decree of Adoption entered by the St. Louis County Circuit Court. The meaning of the term "adopted" is well settled. Adoption is a judicial act which creates a complex set of legal relationships similar to those existing between a natural parent and child. *Mabry v. Farm Bureau Town & Country Ins. Co. of Missouri,* 933 S.W.2d 854, 855 (Mo. App. E.D.1996); *Niehaus v. Madden,* 348 Mo. 770, 155 S.W.2d 141, 144 (Div.1, 1941). One of those legal relationships is that of "custody." *State ex rel. M.L.H. v. Carroll,* 343 S.W.2d 622, 626 (Mo.App.1961) ("The matter of lawful and actual custody of child is an inherent part of adoption proceeding."). Accordingly, because there is a prior court order determining the legal custody of Minor, Appellant may not ap-

peal the probate court's decision in her habeas corpus proceeding via Section 512.025.

For the foregoing reasons, Appellant's Point on Appeal is dismissed.

### Conclusion

The appeal of the order of the probate court vacating the writ of habeas corpus is dismissed.